# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| GLENN L. WILLIAMS, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 28 U.S.C. § 1331 |
| | : | |
| v. | : | |
| | : | |
| OFFICER K. HOLLY, | : | CIVIL ACTION NO. |
| at USP - Atlanta, | : | 1:16-CV-0491-TWT-JFK |
| DEPARTMENT OF JUSTICE, | : | |
|     Defendants. | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## NON-FINAL REPORT AND RECOMMENDATION

Plaintiff, Glenn L. Williams, confined in the United States Penitentiary in Atlanta, Georgia, has submitted a *pro se* civil rights complaint. The Court previously granted Plaintiff *in forma pauperis* status, and the matter is now before the Court on the complaint [1] for screening under 28 U.S.C. § 1915A. For the reasons discussed below, this action should be allowed to proceed in part.

**I.  28 U.S.C. § 1915A Standard**

Section 1915A of Title 28 requires the federal court to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who

AO 72A
(Rev.8/82)

is immune from such relief.  28 U.S.C. § 1915A(b).  A claim is frivolous when it "lacks an arguable basis either in law or in fact." Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008)) (internal quotation marks omitted).  To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  "A plaintiff . . . must plead facts sufficient to show that her claim has substantive plausibility" and inform the defendant of "the factual basis" for the complaint.  Johnson v. City of Shelby, _ U.S. _, 135 S. Ct. 346, 347 (2014).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff.  Franklin v. Curry, 738 F.3d 1246, 1248 (11th Cir. 2013); see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing court's authority to disregard frivolous factual allegations).  Further, the court holds *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers.  Bingham, 654 F.3d at 1175.  Although courts show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69

2

(11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998)) (internal quotation marks omitted), cert. denied, _ U.S. _, 135 S. Ct. 759 (2014).

The violation of a person's constitutional rights by a federal official may be challenged via a federal civil rights action under 28 U.S.C. § 1331. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 396-97 (1971). To state a Bivens claim a plaintiff must plead that a federal official, "through the official's own individual actions, has violated the Constitution." Alvarez v. U.S. Immigration & Customs Enf't, 818 F.3d 1194, 1203 n.3 (11th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)) (internal quotation marks omitted). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. Discussion

Plaintiff brings this action against Office K. Holly and the Department of Justice (DOJ). (Compl. ¶ II, ECF No. 1). Plaintiff alleges the following. From early 2011 through the submission of this action on February 8, 2016, Plaintiff has suffered from

Holly's abusive sexual conduct, which – using Plaintiff's enumerations – includes the following behavior: (6) giving intrusive pat downs, grabbing Plaintiff's genitals, and threatening lock down if Plaintiff complains; (7) making sexual remarks and rubbing his hands around Plaintiff's waist and chest; (8, 9) repeatedly making Plaintiff and other prisoners stand in a long line in cold and wet weather, causing colds and flu and tension among the prisoners; (11) in early 2015, placing Plaintiff in danger by attempting to incite a race riot, i.e., Holly told black inmates that a Mexican inmate had called them nigger; (12) in mid-2015, putting Plaintiff in a catch-22 situation that effectively threatened Plaintiff with death when Holly stopped inmates who were walking up a ramp as previously ordered by another officer and radioed a request that the "gun tower prepare to shoot to kill inmates" if they continued up the ramp; (13, 15) threatening Plaintiff if he questioned or complained in regard to Holly's unwanted touching and comments; (14) inviting other inmates to move their bodies into Plaintiff's groin or backside; and (16-19) intimidating and retaliating against Plaintiff (for his displeasure with Holly's improper advances) by stating that Holly is above the law and requiring Plaintiff to carry his bag through the metal detector when other inmates did not, delaying Plaintiff ten minutes to check the contents of his class folder, requiring Plaintiff to wear gym clothes or leave them in his unit, requiring Plaintiff to

4

dress in a way that goes against an official memo, staring coldly at Plaintiff, grilling Plaintiff, attempting to force Plaintiff to stay in the unit and miss lunch, banging on Plaintiff's door, telling other inmates that Plaintiff filed grievances on Holly, and inferring that Plaintiff cries and writes Holly up.  (Id. at 2-6).  Plaintiff asserts that Holly has violated his civil rights, including subjecting him to cruel and unusual punishment and defaming Plaintiff's character.  (Id. at 6-7).  Plaintiff asserts that the Department of Justice has been negligent for ignoring Plaintiff's complaints against Holly.  (Id. at 7).  Plaintiff seeks damages.  (Id. at 8-9).

### A. Claims Against the DOJ and Claims More than Two Years Old

Although, under Bivens, a civil rights action may be brought against federal officers in their individual capacities, Bivens does not allow a cause of action against a federal agency.  Lee v. Hudson, 346 F. App'x 381, 383 (11th Cir. 2009) ("[D]ismissal was proper with respect to Lee's claims against the DOJ and BOP. . . . Bivens does not provide a cause of action against federal agencies[.]" (citing F.D.I.C. v. Meyer, 510 U.S. 471, 484-86 (1994))).  Accordingly, Plaintiff fails to state a claim against the DOJ.  Additionally, all claims based on actions that occurred before February 8, 2014, must be dismissed as barred by the applicable statute of limitations.  See Crowe v. Donald, 528 F.3d 1290, 1292 (11th Cir. 2008) (stating that § 1983

actions filed in Georgia are subject to a two-year limitations period); Hawthorne v. Wells, 761 F.2d 1514, 1515 (11th Cir. 1985) (applying same to Bivens action).

### B.     Retaliation Allegations and the First Amendment

The First Amendment protects the rights to freedom of speech and "to petition the Government for a redress of grievances." U.S. Const. amend. I. "An inmate raises a First Amendment claim of retaliation if he shows that the prison official disciplined him for filing a grievance or lawsuit . . . ." Smith v. Governor for Ala., 562 F. App'x 806, 815 (11th Cir. 2014) (citing Wildberger v. Bracknell, 869 F.2d 1467, 1468 (11th Cir. 1989)). Plausible allegations of retaliation include allegations of "mental abuse, physical intimidation, harassment, and verbal threats of injury and punishment in retaliation for [filing a] grievance[.]" Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).

Plaintiff's allegations that Holly subjected him to harassment and threatened him in order to dissuade Plaintiff from complaining about unwanted touching and comments are sufficient to state a retaliation claim against Holly.

### C. Sexual Abuse Allegations, Due Process and the Eighth Amendment, and Remaining Allegations

The Eighth Amendment prohibits cruel and unusual punishment. Thomas v. Bryant, 614 F.3d 1288, 1303 (11th Cir. 2010) (internal quotation marks omitted) (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)). To state an eighth amendment claim, the plaintiff must show a deprivation that is "objectively, sufficiently serious" and a prison official's "sufficiently culpable state of mind." Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006) (quoting Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997)) (internal quotation marks omitted).

"The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010) (quoting Hudson, 503 U.S. at 9-10) (some internal quotation marks omitted). "Sexual abuse is repugnant to contemporary standards of decency. . . ." Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir. 2003). "Sexual abuse . . . can cause severe physical and psychological harm . . . [, and] there can be no doubt that severe or repetitive sexual abuse of an inmate by a prison officer can be 'objectively, sufficiently serious' enough to constitute an Eighth Amendment

7

violation." Boddie, 105 F.3d at 861 (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). "Where no legitimate law enforcement or penological purpose can be inferred from the defendant's alleged conduct, the abuse itself may, in some circumstances, be sufficient evidence of a culpable state of mind." Id. ("[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose[.]") However, not all touching qualifies as sexual abuse that violates the Eighth Amendment. Allegations of "a small number of incidents in which [a prisoner] allegedly [is] verbally harassed, touched, and pressed against without his consent" generally do not state an Eighth Amendment claim. Boddie, 105 F.3d at 861.

A prisoner also retains a constitutional "right to bodily privacy because most people have 'a special sense of privacy in their genitals[.]'" Fortner v. Thomas, 983 F.2d 1024, 1030 (11th Cir. 1993) (quoting Lee v. Downs, 641 F.2d 1117, 1119 (4th Cir.1981)). The Constitution does not allow a violation of the right to privacy unless it is reasonably related to legitimate penological interests. Id. at 1030.

Here, Plaintiff has alleged unwanted sexual touching by Holly, including the grabbing of his genitals, and has alleged not that it occurred once or twice but that it is ongoing. Plaintiff's claims of ongoing, unwanted sexual touching, against a background of allegedly intimidating actions, sexual comments, and threats are

8

sufficient to state a claim of a violation of Plaintiff's due process right to privacy in his genitals and Eighth Amendment rights to be free from sexual abuse.

Otherwise, although Plaintiff's other allegations provide meaningful context for his claims of unwanted sexual touching and retaliation, his statements that do not allege either intrusive touching of the genitals or retaliation do not state any *stand-alone* claims. Plaintiff's allegations of being required to stand in long lines in the cold and rain – for which Plaintiff provides no information on any specific incident – fail because there is no indication that the weather was freezing and because exposure to inclement weather is not generally sufficiently serious so as to violate the Eighth Amendment. See Obataiye-Allah v. Clark, No. 7:14CV00159, 2014 WL 7240509, at *4 (W.D. Va. Dec. 18, 2014) (finding that standing in cold rain for half an hour was not a prison condition that violated the Constitution); Thomas v. Campbell, No. 2:04CV308-MHT, 2006 WL 1600525, at *5 (M.D. Ala. June 8, 2006) (finding that exposure to inclement weather on a few occasions was not an extreme condition that posed an unreasonable risk of serious damage to the inmate); see also Gordon v. Faber, 973 F.2d 686, 687 (8th Cir. 1992) (finding Eighth Amendment violation when prisoners were required to stay outside for up to one hour and forty-five minutes without hats or gloves in sub-freezing temperatures). Plaintiff's allegations concerning

Holly's alleged attempt to start a race riot fail because it is based on speculation and there is no indication that Holly's comment caused either a race riot or harm to Plaintiff. Plaintiff's allegation in regard to Holly's allegedly confusing command that prisoners stop walking up a ramp fails because it should have been clear to all inmates that they needed to obey Holly, who had given the most recent order. As to Holly's various instructions and commands that Plaintiff finds intimidating, the undersigned is aware of no constitutional violation that results from an officer's orders that do not otherwise violate a prisoner's rights but that the prisoner nonetheless finds to be over-controlling and excessive. See Robles v. English, No. 5:13CV6/MCR/EMT, 2013 WL 3797594, at *7 (N.D. Fla. July 19, 2013) (finding no constitutional violation based on Florida prison rule that required prisoner to obey orders of correctional officers).[1] Additionally, verbal taunts do not violate the Constitution. See Edwards v. Gilbert, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989) (noting that a "petitioner must allege more than that he has been subjected to 'verbal taunts. . . . [h]owever distressing' in order to make a claim that jailers have violated their duty of protection or deprived the petitioner of his constitutional rights" (alteration in original) (quoting Ballard v. Elsea,

---

[1]Within the Federal Bureau of Prisons, where Petitioner is incarcerated, it is a moderate-level prohibited act to refuse to obey an order of any staff member. See BOP Program Statement 5270.09, Table 1, Moderate Severity Level Prohibited Acts, # 307.

502 F. Supp. 105, 106-07 (W.D. Wis. 1980))).  Finally, defamation, by itself, is not a constitutional deprivation.  <u>Behrens v. Regier</u>, 422 F.3d 1255, 1259 (11th Cir. 2005). Thus, although Plaintiff's list of allegations lend context to his First Amendment retaliation claims and Due Process and Eighth Amendment sexual abuse claims, his list does not contain any additional and independent claims for relief.

### III.   Conclusion

For the reasons stated above,

**IT IS RECOMMENDED**, pursuant to 28 U.S.C. § 1915A, that this action be **ALLOWED TO PROCEED** against Defendant Officer K. Holly on Plaintiff's First Amendment retaliation claims and his Due Process and Eighth Amendment sexual abuse claims for conduct occurring after February 8, 2014, and that the Department of Justice and all remaining claims be **DISMISSED** without prejudice for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that this action be returned to the Magistrate Judge for further proceedings, including direction on service of process.

**IT IS SO RECOMMENDED** this 15th day of August, 2016.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE